CAMPBELL PRINTING PRESS & MANUF'G CO. v. MARDEN et al.

(Circuit Court, D. Massachusetts. October 26, 1895.)

No. 285.

1. EQUITY PRACTICE—OPENING DECREE—DISCRETION OF COURT.
   A motion to open a decree in order to introduce new evidence is not a motion for a rehearing, technically so called, and is not governed by the stringent rule which requires the petitioner to make out a case beyond a reasonable doubt. The motion, rather, is addressed to the discretion of the court, and may be granted, even if the court is not persuaded that the new evidence would certainly require a modification of the decree.

2. SAME—INJUNCTION IN PATENT CASES—SUPERSEDEAS.
   Where respondents took an appeal, with an order of supersedeas, from a decree enjoining infringement of a patent, but afterwards dismissed the appeal, and moved to open the decree to let in new evidence of anticipation, which motion was granted, *held* that, as the patent would expire in about a year, and some time must elapse before the cause could be heard again, the supersedeas should be vacated, and an injunction issued, pending the rehearing.

This was a suit in equity by the Campbell Printing-Press & Manufacturing Company against George A. Marden and Edward T. Rowell, copartners as Marden & Rowell, for infringement of letters patent No. 292,521, issued January 8, 1884, to Wellington P. Kidder, for a printing machine, and No. 376,053, issued January 3, 1888, to John H. Stonemetz, for a web printing machine. Heard on motion to open the decree for the admission of new proofs.

Louis W. Southgate, for complainant.

Betts, Hyde & Betts, for defendants.

CARPENTER, District Judge. In this case a decree for an injunction and an account was ordered in December last. 64 Fed. 782. An appeal was taken by the respondents, and they have dismissed that appeal, without prejudice to their right to move to reopen the decree and to take further evidence and to reargue the case, pursuant to the opinion of the circuit court of appeals rendered in May last. 15 C. C. A. 26, 67 Fed. 809. The respondents now move to reopen the decree, to amend their answer and to introduce further evidence. The purpose of this motion is to put in evidence, as bearing on the interpretation of the patents here in suit, the British letters patent No. 2,518, of June 20, 1801, to Senefelder; the British letters patent No. 886, of April 17, 1854, to Tannahill; and the French letters patent of September 25, 1845, to Baum and Meyer. They also allege that, as they believe, there are other prior patents, which will show the inventions of the patents in suit, or substantial parts thereof, that may yet be discovered, and pray that the same, when discovered, may be inserted, and aided by supplemental petition, or amendment of this petition, if necessary.

This is not a motion for a rehearing, technically so called, and therefore is not governed by the stringent rule which requires a case to be made out beyond a reasonable doubt by the petitioner. It is rather a motion addressed to the discretion of the court with reference to the order of trial. An examination of the patents now offered to be produced, with the aid of a careful argument as to their contents, has failed to persuade me that they anticipate the invention of the patents here in suit, or that they can so limit the inventions as to relieve these respondents from the charge of infringement. The argument, however, as well as my consideration of the patents in the limited time which seems to me convenient to give to a motion of this character, has necessarily been very general in its character. I am not, at the present moment, entirely certain that in no respect would the decree be modified on full consideration of the patents now offered. Still less am I confident that the court who may hear the case on appeal would not give to these patents an effect even larger than seems to me to be at all admissible. I am therefore of opinion that the decree should be reopened, and the respondents allowed, within short times to be limited in the order, to amend their answer by setting out the patents here shown to me, and such other letters patent, foreign or American, as they may be advised, and to take evidence under the new allegations so added by amendment to the answer, but no other evidence.

Shortly after the decree for an injunction was entered in this case, an order for a supersedeas was entered, in the following terms:

Ordered, adjudged, and decreed that the injunction in said cause be stayed and suspended pending the appeal taken from the said decree to the United States circuit court of appeals for the First circuit, provided the said defendants file a bond in the penal sum of $5,000, with surety to be ap-

proved by the clerk of this court, and perfect their appeal, and take all steps required to have the same in readiness to be heard at the next sitting of the said circuit court of appeals. This supersedeas or order is allowed in view of the fact that the defendants herein are the users of a machine employed in printing a newspaper, and in view of the fact that there may be an early hearing of the said appeal; and it is granted without prejudice to either party in any subsequent litigation.

The complainant now moves that this order for a supersedeas be vacated, and the injunction ordered to issue under the decree. It appears that the appeal was not perfected so that it could be heard at the time limited in the order, inasmuch as the record was not printed; that the letters patent here in suit, as is believed, will expire on or about October 1, 1896, by reason of the existence of a prior British patent for the same invention; and that some considerable time must elapse before the cause can be again heard in this court and decided, and afterwards finally settled on appeal, if the parties should be so advised.

The complainant has strongly urged on the court that there is no sufficient evidence here that the respondents have used due diligence to discover the patents here offered, nor that those patents could not have been discovered by due diligence. I shall not go into the discussion of this question, but will only say that I cannot attach to the respondents such blame in this regard as should debar them from now fully presenting what they conceive to be a material defense. The very considerable delay, not contemplated in the order for supersedeas, which has already taken place, and which must still take place, may, perhaps, be regarded as a misfortune; but it is a misfortune of the respondents, and they ought not, I think, to leave the consequences—more than is unavoidable—to fall on the complainant. An injunction against the respondents will, it is hoped, encourage the parties who defend this suit, and are chiefly interested, to even greater zeal in ascertaining what patents, still undiscovered, will aid the course of justice in this litigation, and in pressing the cause to an early hearing and final decision. The order for supersedeas will therefore be vacated, and the injunction will issue.