CIMIOTTI UNHAIRING CO. et al. v. AMERICAN UNHAIRING MACH. CO.

(Circuit Court, S. D. New York. August 27, 1900.)

PATENTS—ANTICIPATION—MACHINE FOR REMOVING HAIRS FROM FUR SKINS.
The Sutton patent, No. 383,258, for a machine for removing hairs from fur skins, claim 8, considered on rehearing with reference to alleged anticipations, and *held* not anticipated and valid; also *held* infringed.

In Equity. Suits for infringement of patent. On rehearing. For former opinions, see 95 Fed. 474, 98 Fed. 297, and 99 Fed. 1003.

Goepel & Raegener, for complainants.
Schreiter & Mathews, for defendant.

TOWNSEND, District Judge. This opinion relates to three cases, namely, this complainant against Max Bowsky, Karl Mischke, and the American Unhairing Machine Company. The defendant Mischke constructed the machines used by the defendant the American Unhairing Machine Company. The suit against Max Bowsky after final hearing was decided in favor of this complainant as to the eighth claim of the Sutton patent. Afterwards the case of this complainant against Karl Mischke, upon practically the same testimony, was opened, and evidence was introduced as to a machine known as the "Coyert Machine," and this machine was claimed by defendant to show prior public use. This case also was argued at final hearing, and Judge Wheeler, following the opinion in the case against Bowsky, sustained the patent, and, upon independent con-

sideration, held the Covert machine not to be an anticipation. Subsequently the defendant again moved to reopen the cases, alleging an English patent to Lake as a complete anticipation of the patent in suit. All three cases have been opened, therefore, and further testimony has been taken as to this Lake English patent. In this discussion it is understood that the findings in the former cases will be followed, except in so far as they may be affected by the evidence as to the English patent. The defendant has abandoned practically all the contentions made on the final hearings in each of the other cases, and upon the oral argument herein seemed further to have abandoned the claim that the Lake patent is an anticipation. The claim as stated by him on the oral argument is that while the Lake machine, in view of the prior art, does not fully anticipate the eighth claim of the patent in suit, yet that features which distinguish said claim from the prior art are not infringed by the defendant Bowsky, because he does not use the mechanism to bring the brush forward, but uses a sliding motion of the brush on the offside of the stretcher bar, and not in front thereof, and that the defendant Mischke merely uses the Lake device minus the roll, D, and does not have the sliding motion of the patent. The Lake English patent was published in October, 1881. It has the elements common to all unhairing machines of this class, namely, a stretcher bar, means for intermittently feeding the pelt over said bar, a pressure plate or guard device on the feed side thereof, and knives for cutting the hairs. Its mode of operation is not very clear. The utmost that defendant's expert, who also appears as counsel, claims for it in his testimony and argument is that the instructions therein are "sufficient to enable a mechanic skilled in the art to produce the rearrangement or modification of the construction of the machine necessary to produce this result," namely, the result achieved by the complainant's and defendants' machines. The construction described in said patent is such that when the pelt is stretched over the stretcher bar the bar is moved toward two rolls, known, respectively, as D' and D. It is stated in the patent that these rolls are "brushes or brushing rolls * * * covered with card clothing or bristles or teazles to draw the fur on the skin over the edge of the bar, B," etc. It is not clear whether this machine is intended to operate in such a way as to first bring the stretcher bar in contact with D' or with D. If the former or more natural mode of operation is the one intended, the device does not disclose the inventive conception of the eighth claim of the Sutton patent. If operated in the opposite direction, counsel for defendants strenuously claims that it discloses the exact function and would produce the same result as that in the patent in suit. Much stress is laid by defendants' counsel on the suggestion that the rolls are to be covered with bristles or teazles. He therefore assumes that they are to be like the stiff brush of the Sutton invention, and would produce the same effect. The essence of the Sutton invention, so far as this Lake device is pertinent to the inquiry, is the motion of the brush in Sutton which brushes the fur downward from the working edge of the stretcher bar on to the offside thereof in order that the soft fur, having been already sep-

arated by the bristles from the stiff water hairs, may lie flat and be continuously held in that position away from the knives after the water hairs have sprung up. This construction peculiar to Sutton is contained in the machines of all the defendants.

The first inquiry is how far the Lake patent compares with the device in suit. The following considerations are relevant in this connection: (1) The Lake patent has been published for nearly 20 years, and during all this time, while various independent inventors have been working on the same lines and have made many valuable inventions in this art, no one, until Sutton, had found the way to so adapt the Lake or other devices of the prior art as to produce the desired successful result. (2) Within the past seven years the complainants have unhaired some six or seven million coney pelts, and the validity of the patent has been generally acquiesced in everywhere until very recently, except by this defendant Bowsky and by the owners of the Hedbavny patent, which patent was considered in the other case, and is not material here. (3) It seems clear from an examination of the Covert machine and patent and the Castle and Blank devices of the prior art that Lake's is nothing more than another form of the same device, embodying the same idea. Covert used a brush and a wiper. Blank used a card or comb. Lake used two brushes, and with his second brush attempted to do what Covert's brush, D', did. (4) Herein lies one of the important differences between Sutton and the prior art, namely, that in all the other machines two distinct devices were used to keep the fur down, and there was an interval of space between the two which permitted the fur to spring up, while Sutton accomplished the result previously sought to be accomplished by the use of two devices, by the use of a single device, by giving it a new motion, namely, a brushing motion on top of a stretcher bar, and by then continuously extending it downward on the offside, so that there was no opportunity for the fur to spring up during the operation.

The Lake patent does not seriously affect the meritorious position of the Sutton patent, as stated in the former opinion.

Counsel for the defendants says that Mischke does not infringe, because the patent obtained a few months ago, and under which he claims to construct his machine, does not show the mechanism "substantially as described, whereby the rotary brush moved upward and forward into a position in front of the stretcher bar." But it is proved that the Mischke construction, whereby the bar moved, while the brush wobbled, was the well-known equivalent of the patented construction. It is not claimed that there is anything novel or patentably different between Lake, Mischke, and the patent in suit, so far as the ordinary mechanical construction for giving the required motion is concerned.

Counsel for defendants says that Bowsky does not infringe, because he does not have mechanism to bring the brush forward, and does have a sliding motion of the brush on the offside of the stretcher bar, but not in front thereof. This, also, is an equivalent motion for the purpose of producing the same effect. Further, the uncontradicted testimony of the expert for complainant indicates that

the machines of both defendants do have substantially the motion covered by the patent in suit.

A thorough examination of the patents and machines considered in the former opinion, and a comparison of the Lake patent therewith, forces the conclusion that, while these constructions all came very close to that of the patent in suit, no one ever conceived the idea of such a brush as would separate the fur and hair, so arranged with such mechanism that it would by a single motion brush the fur downward and separate it from the water hairs and hold it continuously away therefrom until after the completion of the cutting operation. Even the counsel and expert for defendants admits that the Lake brush acts in the edge of the stretcher bar or in a line at right angles thereto. Finally, there is no evidence anywhere in the case that Lake's "brushes or brushing rolls" were the brush of the patent in suit. His use of these words only in connection with the words "card clothing, bristles, or teazles," without any description, would seem to indicate that he had in mind such a brush as was well known in the prior art. A decree may be entered for an injunction and an accounting.

## On Motion for Settlement of Decree.

### (December 19, 1900.)

Counsel for defendant has, upon various grounds, secured six hearings on various questions involved herein. These hearings have been characterized by charges and counter charges against counsel and clients, by attempted discussions of matters outside the record, and by other evidences of professional asperities which have tended to obscure the issues. In these circumstances, it has seemed necessary to state the following facts:

1. I have denied the motion of counsel for complainant to incorporate in the decree certain language construing the eighth claim, because it is contrary to practice to insert such language in a decree. I have not passed upon the contention of either party as to the construction of the eighth claim, except as appears from my opinion.

2. I have refused the request of counsel for defendant to incorporate into the decree the statement that nothing therein shall be understood as enjoining against the use of the prior Lake machine, for the foregoing reasons, and because such a statement would merely state the law.

3. I have declined to erase the word "continuously" from my opinion, without prejudice, however, to the contentions of the parties herein. The statements in which said word appears are correct, if understood with the following explanation: When the brush is on top of the working edge of the stretcher bar it revolves and assists in making the part, and then, in leaving the working edge and traveling over to the position 2 of the Sutton patent, the bristles carry down the fur onto the offside of the stretcher bar. In this sense the operation is continuous.