### NUTTER et al. v. MOSSBERG et al.

#### (Circuit Court, D. Massachusetts. October 14, 1902.)

#### No. 1,288.

1. PATENTS—SUIT FOR INFRINGEMENT—APPLICATION TO REOPEN CASE PENDING APPEAL.

Where during the term at which a decree was entered finding the validity and infringement of a patent, but after the allowance and entry of an appeal, the defendant presents newly discovered evidence, which in the opinion of the court would have entitled him to a reopening of the case if presented before appeal, it will on application request the return of the record from the circuit court of appeals to permit further proceedings to be taken.

In Equity. Suit for infringement of patent. On application to the court pending appeal to request the return of the record for further proceedings. See 116 Fed. 488.

J. E. Maynadier and G. A. Rockwell, for complainants.
Wm. R. Tillinghast and Benjamin Phillips, for defendants.

BROWN, District Judge. Within the term at which the decree was entered, but after the allowance and entry of an appeal, and while the appeal is still pending, the defendants make application to this court to request the circuit court of appeals to return the record to this court for further proceedings, or for leave to file a supplemental bill in the nature of a bill of review.

It is conceded that the defendants have newly discovered evidence in the Hale & Tolman bicycle bell, which was in somewhat extensive use for more than two years prior to the date of the patent in suit, and that they are not in default for failure to make an earlier discovery of this evidence. In support of this application, the defendants rely upon

Roemer v. Simon, 91 U. S. 149, 24 L. Ed. 384; Cimiotti Unhairing Co. v. American Unhairing Mach. Co., 39 C. C. A. 677, 99 Fed. 1003; Id. (C. C.) 108 Fed. 82; Marden v. Press Co., 15 C. C. A. 26, 67 Fed. 809; Id. (C. C.) 70 Fed. 339.

As the situation of the case in the court of appeals seems to call for an immediate decision, I feel constrained to dispose of this petition as speedily as may be, and without such full consideration as the important question of practice would under other circumstances receive. Had this newly discovered evidence been presented after decree, and before taking of an appeal, I am of the opinion that I should have ordered the case to be reopened. While I am not satisfied that the Hale & Tolman bell anticipates what is described in the patent in suit, I am convinced that it would have so changed the prior art as to have presented different questions from those argued, and upon which the opinion was based.

This court, therefore, will follow the practice suggested in the authorities cited, and, upon the application of the defendants, will request the return of the record for further proceedings in this court which shall not prejudice the defendants' right of appeal.