### In re ROBERTSHAW.
**Patent Appeals No. 3561.**

Court of Customs and Patent Appeals.

Feb. 4, 1935.

Byrnes, Stebbins & Blenko, of Pittsburgh, Pa. (William H. Webb and William H. Parmelee, both of Pittsburgh, Pa., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

The immediate question here involved grows out of a petition for remand of the above-styled case to the Patent Office, as hereinafter set forth.

An application for patent by appellant, relating to improvement in valves, was finally rejected, for lack of invention over prior art cited, by the Primary Examiner of the United States Patent Office on July 24, 1933. Appeal was duly taken to the Board of Appeals, and on June 21, 1934, the latter tribunal affirmed the action of the Examiner.

Thereafter appeal was taken to this court and a certified transcript of the record was duly filed with the clerk of the court on September 21, 1934. On October 20, 1934, for satisfactory reasons, the court granted a motion of appellant for a sixty-day extension of time for printing the record. Later, the court, of its own motion, entered an order giving an additional extension.

On November 12, 1934, a petition was filed on behalf of appellant, seeking a remand and return of the cause "and the transcript of record filed herein" to the United States Patent Office. At the end of this petition there was a "joinder" on the part of the Commissioner of Patents, the same being signed by the Solicitor for the Patent Office. We here quote the texts of the petition and "joinder":

"Petition to Remand.

"To the Honorable, the Judges of said court:

"Your petitioner, George A. Robertshaw, appellant in the above-entitled case, respectfully represents that:

"1. The application for Letters Patent involved in this appeal was duly filed in the United States Patent Office on September 17, 1926 and was thereafter duly prosecuted before the Primary Examiner in Division 39. After prosecuting this case before the Primary Examiner from September 17, 1926 until July 24, 1933, this application was finally rejected by the Primary Examiner on the latter date. Thereafter on January 20, 1934 an appeal was duly taken to the Board of Appeals of the United States Patent Office which, on June 21, 1934, denied applicant's request for a patent and affirmed the action of the Pri-

mary Examiner. Thereafter this appeal to this Honorable Court was duly taken, which appeal is now pending before it and remains unheard by said Court.

"2. On September 25, 1934, United States Letters Patent No. 1,974,975 were issued by the United States Patent Office to Louis Stein and Walter C. Peters on an application therefor filed September 30, 1932. This patent relates to exactly the same subject matter as the application involved in this appeal; both applicants were claiming exactly the same subject matter; and the applications were copending in the Patent Office. An interference should have been but was not declared by the Patent Office between these two applications during their pendency in the Patent Office.

"3. Since the discovery by petitioner of this error on the part of the United States Patent Office, appropriate steps have been taken by the petitioner in order to obtain an adjudication of the question of priority as between petitioner and the patentees of the aforesaid patent. On November 7, 1934, the United States Patent Office in accordance with the statutes and rules in such cases made and provided, declared an interference between petitioner's application Serial No. 136,039, the application involved in this appeal to this court, and said Stein et al. patent No. 1,974,975, said interference being identified as No. 69,678. A correct copy of the declaration of the aforesaid interference is attached hereto and marked 'Exhibit A.'

"4. It is essential that this cause and the transcript of record filed herein be remanded and returned to the United States Patent Office to the end that full and appropriate proceedings may be had in the United States Patent Office in accordance with the statutes and rules in such cases made and provided. As appears from paragraphs 2 and 3 of page 2 of 'Exhibit A' attached hereto consideration de novo will be given this application including the claims now pending before this Court.

"Wherefor your petitioner prays that this cause and the transcript of record filed herein be remanded and returned to the United States Patent Office for further proceedings in accordance with the statutes and rules in such cases made and provided.

"Joinder.

"The Commissioner of Patents hereby joins in the foregoing petition to remand and return this cause and the transcript of record therein to the United States Patent Office for further proceedings."

Affidavit in support of the petition was made by one of the attorneys for appellant.

It is noted from the transcript of record, filed in the appeal to this court, that appellant gave the notice of appeal to the Commissioner of Patents on August 7, 1934, and, in a brief in support of the petition to remand, the statement is made that the decision of the Board of Appeals sustaining the right of Stein and Peters to patent was rendered on that same day. The patent in fact issued under date of September 25, 1934, according to the petition. The petition does not state the date upon which notice of the patent was first brought to appellant's attention, but it does allege that "this patent relates to exactly the same subject-matter" as appellant's application; that since the application of appellant and that of Stein and Peters were copending, an interference should have been declared; and that, following discovery of this situation, appellant took appropriate steps "to obtain an adjudication of the question of priority" between the parties.

The exact nature of the steps taken is not revealed by the record, but apparently the procedure comprised, at least in part, the copying of two claims from the patent into appellant's application and requesting an interference. These were claims 1 and 2 of the patent and they became claims numbered 38 and 39, respectively, in appellant's application. The interference so sought was declared, apparently, on November 7, 1934.

As Exhibit A to the petition for remand, there was filed what purports to be a copy of the interference so declared. It sets forth two counts numbered 1 and 2, respectively, they being in the identical language of claims 1 and 2 of the patent.

These two counts, however, are not in the specific language of any of the claims involved in the appeal and no one of the appealed claims is embraced in the interference. It should be said that the appeal involves only three claims. These are numbered 33, 34, and 35, respectively. At one period during the prosecution of the case in the Patent Office two other claims numbered 36 and 37, respectively, apparently were presented, but these had been, in some way, eliminated prior to the final decision of the Examiner.

For the purposes of the question now before us, it will be assumed by us that the procedure above related was in conformity with the Patent Office practice, and that, although the appeal to this court as to certain claims had been taken, the application of appellant still remained in the Patent Office in such position as that he was entitled to proceed as he did proceed.

We deem it of importance to note just here that the petition for remand does not set forth the taking of any action by appellant, in the Patent Office itself, looking toward a *reconsideration* by the tribunals of that office of the claims involved in the appeal. It may be assumed that it was the view of appellant that since the appeal to this court had been perfected, before he had any notice of the patent, nothing further concerning the appealed claims could be done in the Patent Office, unless they were remanded without any decision upon the merits by this court.

However this may be, it is sufficient at this point to say that the only specific action sought of the Patent Office (other than possibly the securing of the joinder by the Commissioner in the petition for remand) was the declaration of the interference which did not relate specifically to the appealed claims, and this action was taken.

In view of the apparent novelty of the question presented by the petition for remand, this court requested counsel for petitioner to furnish brief with any authorities available "in support of the right of the court to remand without a reversal, affirmance, or modification" of the decision of the Board of Appeals.

Counsel has favored us by so doing. The only authority cited which relates specifically to procedure in appeals to the courts from decisions of the tribunals of the Patent Office is the case of Podlesak v. McInnerney, 26 App. D. C. 399, 1906 C. D. 558. The Solicitor for the Patent Office appended a statement to the brief supplied by attorneys for petitioner, in which he stated his agreement therewith, "particularly in view of" the said Podlesak Case, supra.

We note that while in the said case, the Court of Appeals of the District of Columbia, obviously upon its own motion, did remand the cause (an interference proceeding) for certain specific reasons without a formal declaration of reversal, nevertheless it stated in the body of the opinion:

"* * * We consider that an error has been committed in this case. * * *"

It is our view that while the Podlesak Case, supra, constitutes a precedent for remanding a case to the Patent Office, under certain circumstances, without any formal reversal, affirmation, or modification of the decision on appeal, the facts of the instant case do not justify the application of the rule there followed.

It may be pointed out that this court, in the case of In re Benjamin Greenfield, 40 F.(2d) 775, 17 C. C. P. A. (Patents) 1217, of its own motion, remanded certain claims for consideration de novo, but there was an express reversal of the decision of the Board of Appeals as to such claims for reasons specifically pointed out in our opinion. The course followed in the Greenfield Case, supra, has no applicability here.

The brief on behalf of petitioner presents the view that there is an analogy between the situation here and that respecting cases wherein a hearing has been had before a United States District Court and a final decree entered and an appeal to the Circuit Court of Appeals, and during the pendency of the appeal, and before determination thereof, a rehearing or review is desired "because of some error of law apparent on the face of the record or because of new matter or newly discovered evidence."

Specifically, the brief says:

"The present case is more closely analogous to those cases wherein a rehearing is desired before the District Court while the appeal to the Circuit Court of Appeals is still pending but remains undecided, for [because] the request for a declaration of the interference between appellant's application and the Stein et al. patent is akin to a petition for rehearing based on new matter or error of law apparent on the face of the record. The decision of the Board of Appeals of the Patent Office denying appellant's right to a patent was rendered on June 21, 1934 and this decision could not be said to be final so as to be not subject to rehearing until after the expiration of six months from June 21, 1934."

In illustration of the practice in United States District and Appellate Courts, there are cited numerous authorities, including the cases of Roemer v. Simon et al., 91 U. S. 149, 150, 23 L. Ed. 267, recently approved by the Supreme Court in Realty Acceptance Corp. v. Montgomery, 284 U. S. 547, 551, 52 S. Ct. 215, 76 L. Ed. 476;

Cimiotti Unhairing Co. v. American Unhairing Mach. Co. and Cimiotti Unhairing Mach. Co. v. Mischke (C. C. A.) 99 F. 1003 [vide also (C. C.) 108 F. 82]; Baltimore S. S. Co. et al. v. Phillips, 9 F.(2d) 902 (C. C. A. 2); Wagner et al. v. Meccano, Limited, 235 F. 890 (C. C. A. 6); Harper Bros. et al. v. Klaw et al., 272 F. 894 (C. C. A. 2); Nutter et al. v. Mossberg et al. (C. C.) 118 F. 168; Greene et al. v. United Shoe Machinery Co., 124 F. 961 (C. C. A. 1); Mutual Life Ins. Co. of New York v. Lipp, 28 F.(2d) 863 (C. C. A. 9) and Jensen et al. v. New York Life Ins. Co., 50 F.(2d) 512 (C. C. A. 8).

The foregoing list of authorities is here given because of our thought that the question presented is one which may be of moment to all those interested in patent procedure. It is not necessary here to review the cases in detail, nor to quote elaborately from the opinions. The principle announced in the leading case, that of Roemer v. Simon et al., supra, and, as stated, recently reaffirmed by the Supreme Court in the Realty Acceptance Corp. Case, supra, has been consistently followed practically without modification in all the subsequent cases cited.

In the Roemer v. Simon et al. Case, supra, the situation was that a final decree had been rendered (in 1874) by the United States Circuit Court for the District of New Jersey, dismissing the bill of complaint and an appeal taken to the Supreme Court. During the pendency of this appeal, there was presented on *behalf of appellant* a petition and affidavit, stating, in substance, that new and material evidence, previously unknown to him, had been discovered after the appeal, and motion was made that leave be granted the appellant to give appellees the requisite notice of a further motion for a rule requiring them to show cause why the Supreme Court should not remit the record to the court below for a rehearing of the cause.

In denying the motion, Mr. Chief Justice Waite said:

"It is clear, that, after an appeal in equity to this court, we cannot, upon motion, set aside a decree of the court below, and grant a rehearing. We can only affirm, reverse, or modify the decree appealed from, and that upon the hearing of the cause. No new evidence can be received here. Rev. Stat. § 698. The court below cannot grant a rehearing after the term at which the final decree was rendered. Eq-

uity Rule, 88. It would be useless to remand this cause, therefore, as the term at which the decree was rendered has passed. If the term still continued, the proper practice would be to make application to the court below for a rehearing, and have that court send to us a request for a return of the record, in order that it might proceed further with the cause. Should such a request be made, we might, in a proper case and under proper restrictions, make the necessary order; but we cannot make such an order on the application of the parties. The court below alone can make the request of us. The application of the parties must be addressed to that court, and not to us."

Assuming, without deciding, that there is such an analogy between the procedure with respect to patents, where matters are appealed to this court, and the procedure in the District and Appellate Courts of the United States, as that the practice in the latter may be and should be applied in the former, it seems proper to point out that the practice stated to be proper in the Roemer v. Simon Case, supra, was not followed by appellant here.

Appellant here comes directly to this court (which, except where procedure is had under section 4915, Revised Statutes, as amended [35 USCA § 63], is, under the authorities, the tribunal of final jurisdiction over appeals from the Patent Office) with a petition for remand.

It would seem that his course should have been to make the proper application to the proper tribunal of the Patent Office (and we do not undertake here to say which would be the proper tribunal) and have that tribunal alone send to us a request for a return of the record with such a statement of reasons for the request as were pertinent and proper.

We do not overlook the fact that the Commissioner of Patents joined in appellant's petition in the manner already set forth, but neither may we overlook the further fact that there is no statement by the Commissioner which concedes error of either law or fact, or even states any belief that error may have been committed. We do not find any statement by *the Commissioner* indicating any desire or purpose that the appealed claims shall be reconsidered by the tribunals of the Patent Office.

It is true that the copy of the Declaration of Interference, filed as Exhibit A to

the petition, contains the following statements:

"After termination of the interference this application will be held for restriction and revision under Rule 96.

"Claims 33 to 37 will be held subject to rejection as unpatentable over the issue in the event of an award of priority adverse to applicant."

And that, alluding to the foregoing statements, the petition says:

"As appears from paragraphs 2 and 3 of page 2 of 'Exhibit A' attached hereto consideration de novo will be given this application including the claims now pending before this Court."

Except for whatever implication might arise from the joinder by the Commissioner in a petition containing such averment, we are unable to concur in the suggestion that such is the purpose. We do not deduce from the quoted statements themselves that there is any purpose of reconsideration by the tribunals of the Patent Office of the appealed claims.

The normal construction of the statements, it seems to us, is that the application, with only such of its claims as are now in the Patent Office, will be held for revision, and that the appealed claims, now standing rejected upon prior art, eventually will be also subject to rejection as unpatentable over the interference issue, should priority be awarded adverse to appellant. In other words, even if this court should reverse the decision of the Board of Appeals in the ex parte case, and hold the claims patentable over the cited art, they still will be subject to rejection over the issue of the interference should appellant lose on the issue of priority. However, should appellant be awarded priority in the interference proceeding and should this court in a hearing upon the merits hold the appealed claims patentable, appellant presumably will then receive patent both upon those claims which are in interference and those upon appeal.

In any event, we are unable to construe the petition obviously prepared wholly by a party—indeed the only party, since it is an ex parte case—and merely joined in by the Commissioner, as constituting a request, such as brings the case within the rule of "proper practice" announced by the court in the Roemer v. Simon Case, supra. Under the rule of that case (still assuming, without holding, that it is applicable in patent practice), "we cannot make such an order [of remand] on the application of the parties. The court [here the proper tribunal of the Patent Office] below alone can make the request of us." (Italics ours.)

It may be further observed that it is not seen how appellant's legal rights are in anywise jeopardized by a declination to remand the case, nor indeed how they would be promoted or protected by such remand. The case is before us ex parte and may be heard and disposed of upon its merits without prejudice to the interference proceeding and the Commissioner of Patents makes no statement as to either facts or law indicating that determination of the interference proceeding is in anywise dependent upon having the appealed claims returned, or that they might be placed in the interference if returned.

In the cases of In re McPherson, 64 F.(2d) 364, 20 C. C. P. A. (Patents) 1022, and In re Schaeffer, 65 F.(2d) 474, 20 C. C. P. A. (Patents) 1208, we held that, even assuming, without deciding, our authority to remand, the reasons then presented did not justify such a course. The same is true here, but because the matter has been here presented in a new and more formal way, we have felt constrained to discuss certain phases of the question at greater length than at any time heretofore.

The petition for remand is denied.