53 CCPA

**Richard C. LOSHBOUGH**

v.

**Kenneth C. ALLEN.**

**Patent Appeal No. 7898.**

United States Court of Customs and Patent Appeals.

May 12, 1966.

Carl F. Schaffer, Toledo, Ohio, for appellant.

Lawrence B. Biebel, Nathaniel R. French, Dayton, Ohio, for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

PER CURIAM.

In this appeal from the Board of Patent Interferences appellant moves to remand and return jurisdiction to the Patent Office and order the Commissioner to consider, on its merits, the motion filed by appellee, Allen, before the Board of Patent Interferences to amend and suspend the interference. The issue in the pending appeal is whether the board erred in awarding priority as to counts 1 through 5 to Allen.

The facts pertinent to our decision on appellant's motion to remand are as follows. Following the decision of the Board of Patent Interferences on October 29, 1965, and 4 days before Loshbough filed his notice of appeal, Allen filed a motion before the board to "cancel" from the interference the 5 counts on which priority was awarded to him and to substitute a new count. This was based on the fact that Allen did not consider the five counts patentable to either party over a Swedish patent dated November 15, 1960. On January 6, 1966 the board held it was without jurisdiction to consider the motion since Loshbough had filed a notice of appeal to this court on December 27, 1965. (In re Allen, 115 F.2d 936, 28 CCPA 792 (1940). Thereafter, on January 21, 1966 appellant Loshbough petitioned the Commissioner to request the court to remand the case for consideration of Allen's motion under the "proper practice" of In re Robertshaw, 75 F.2d 203, 22 CCPA 939 (1935). (See In re Fischer, Cust. & Pat.App., 360 F.2d 230). The Commissioner denied the petition on February 3, 1966 on the ground that Allen had not made an adequate showing to excuse the failure to file the motion earlier, taking the position that reopening the interference to decide the motion on the merits would not be in order even if the Patent Office still had jurisdiction. The motion to remand was filed by the appellant, Loshbough, in this court on February 21, 1966.

Appellant, Loshbough, argues that the decision of the board is erroneous and, in light of the winning junior party's statement that the counts on appeal are unpatentable, that the case cannot be finally disposed of by this court at this time. He further states that if the counts are in fact unpatentable the board's decision should not stand and whether unpatentability exists and whether another count should be substituted are questions for the Patent Office to decide prior to review here. Ap-

pellant also contends that the *Robertshaw* decision is inconsistent with the practice of the court to remand on its own motion and therefore should be overruled. Appellee Allen has not filed any papers in connection with the motion before this court.

In disposing of this motion it becomes incumbent upon us to examine again In re Allen, supra, as it relates to procedures to be followed after a notice of appeal has been filed in the Patent Office. As is generally known, *Allen* stands for the proposition that once the notice has been filed jurisdiction of the cause is transferred to the court and there is nothing left for the Commissioner to do other than to certify the record and transmit it to the court. However, In re Grier, 342 F.2d 120, 52 CCPA 1081 (1965), as applicable to ex parte appeals, decided that even though a notice of appeal had been filed, the Board of Appeals could exercise a purely ministerial function in its administrative capacity by correcting an error of omission.

In addition to the practice in this court, consideration must also be given to the procedures followed throughout the federal courts where mistakes or newly discovered evidence are involved. The Federal Rules of Civil Procedure have been given liberal interpretation to the end that where there is a proper case for relief leave "shall be freely given when justice so requires". Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed. 2d 222 (1962).

■ Recognizing that jurisdiction in the strictest judicial sense does attach to this court when the notice of appeal is filed, we nevertheless feel it important to set forth certain guidelines which we hope will be of some help to litigants in the Patent Office and this court. We reaffirm the position taken by this court in *Grier* that the Patent Office Boards can exercise a purely ministerial function in their administrative capacity. It is also clear from the court's own rules that the Commissioner of Patents can dismiss an appeal without any action being taken by the court. Rule 25(1) provides that where a notice of appeal is filed in the Patent Office and no further action is taken to prosecute the appeal in this court, the Commissioner upon such facts being brought to his attention by motion of the appellee in inter partes cases, and upon his own motion in ex parte appeals, may take such further action as may be necessary to dispose of the case as though no notice of appeal had ever been given. We further recognize that Rule 73 of the Rules of Civil Procedure could be applicable to proceedings in this court and is completely consistent with our own rules. This Rule provides specifically that where an appeal has not been docketed the parties with the approval of the lower court may dismiss the appeal by stipulation filed in that court or the court itself may dismiss the appeal upon motion and notice by the appellant. To the extent that the *Allen* decision is inconsistent with the above, it is hereby expressly overruled.

■ Having carefully considered the motion before us we hereby remand this appeal to the Board of Patent Interferences for that board to consider the motion pending before it, which it refused to consider because we had jurisdiction of the case, and to take whatever further action it may deem advisable.

Remanded.

WORLEY, Chief Judge, did not participate.