53 CCPA

**Application of Raymond P. FISCHER.**

**Patent Appeal No. 7861.**

United States Court of Customs and Patent Appeals.

May 12, 1966.

Parker & Carter, James G. Staples, Chicago, Ill., for appellant.

Joseph Schimmel, Washington, D. C., for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

PER CURIAM.

In this ex parte patentability appeal appellant moves that we remand the case to the Patent Office Board of Appeals because appellant has seen a recently issued patent from which he wishes to copy a claim for interference.

The motion for remand is based on the legal proposition that the appeal is under our exclusive jurisdiction and therefore we are being requested to relinquish it temporarily so appellant can take desired steps in the Patent Office.

The Patent Office opposes the motion on procedural grounds saying that under

In Re Robertshaw, 75 F.2d 203, 22 CCPA 939 (1935) only the Patent Office can properly request the court to remand.

The pertinent facts are as follows. Appellant filed his notice of appeal in the Patent Office September 21, 1965. October 12, 1965 a patent was issued to Howard W. Wilson and came to appellant's attention through the Official Gazette some 10 to 13 days after issuance. The appeal was formally docketed in this court on January 3, 1966 and the motion for remand of the appeal filed January 19, 1966. Appellant claims that the "ends of justice would be best served and appellant's rights would best be preserved if the present appeal were suspended for the institution of interference proceedings at this time rather than waiting until the appeal has been completed." Appellant cites Green Shoe Manufacturing Co. v. National Shoes, Inc., 277 F. 2d 943, 47 CCPA 936, (1960) as authority for the court to remand an appeal for further consideration or action as may be deemed appropriate without a request from the Patent Office.[1] Since the *Green Shoe* case and the "proper practice" doctrine established by the *Robertshaw* decision appear in conflict we deem it necessary to reexamine the holding in the latter case.

In *Robertshaw* appellant, after the record had been filed in this court, petitioned for remand based on the discovery of the issuance to another of a patent relating to exactly the same subject matter as his application. The court treated as precedent for disposition of the petition the Supreme Court decision in Roemer v. Simon et al., 91 U.S. 149, 23 L.Ed. 267 (1875). There a rehearing was sought in the District Court on a matter then pending in the Court of Appeals because of some error of law in the record, new matter, or some newly discovered evidence. Operating under the old equity appeal doctrine that the appellate court, in this instance the Supreme Court, could only affirm, reverse, or modify the appealed decision and could not receive new evidence, the Supreme Court said the "proper practice" was to make application to the lower court for a rehearing and thus have the lower court request a return of the record in order to proceed further. Since the appellant in *Robertshaw* did not follow this procedure, having moved in this court initially, his petition for remand was denied.

There is no dispute that an appellate court generally possesses, as an inherent power, discretion with respect to the scope and type of the relief which it may grant and may make any proper disposition required. It is part of the judicial function to determine the disposition of cases within its jurisdiction. The judicial nature of the proceedings in this court, no matter at what stage, is no longer in question. Lurk v. United States, 370 U.S. 530, 82 S.Ct. 1459, 8 L.Ed.2d 671 (1962) and Brenner v. Manson, 383 U.S. 519, 86 S.Ct. 1033 (1966). As stated by the Supreme Court, the bulk of this court's work involves the disposition of cases arising under Article III of the Constitution, that is cases arising under Federal law and cases to which the United States is a party. These cases and controversies are and must be disposed of in a judicial manner. It would seem wholly inconsistent with normal judicial practice to condition the right to remand an appeal upon a formal request being sent by the Patent Office to this court. The "proper practice" doctrine thus established by *Robertshaw* is a "museum piece"* which has been superseded by later decisions of this court as well as new procedure throughout the federal courts.[2] We therefore feel it desirable to overrule that part of

---

1. See also In Re Klupfel et al., Patent Appeal No. 7263 (unreported) where the court granted appellant's motion to remand although the Commissioner of Patents had filed an opposition.

* Brenner v. Manson, supra.

2. See Bryan v. United States, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335 (1949) where the Supreme Court examined the extent of the power of federal appellate courts to render judgments under Rev.Stat. § 701 and the new statute 28 U.S.C. § 2106.

the *Robertshaw* decision as an improper delegation of the judicial authority which is ours under 28 U.S.C. § 2106.[3]

In light of the above, and a thorough consideration of the facts herein, the motion of the appellant to remand is granted to the extent that this appeal is hereby remanded to the Patent Office for any further proceedings that it may deem appropriate with respect to a request for institution of interference proceedings with the Wilson patent, if such request is brought promptly by appellant.

Remanded.

WORLEY, C. J., did not participate.

---

3. See Patterson v. State of Alabama, 294 U.S. 600, 607, 55 S.Ct. 575, 79 L.Ed. 1082 (1935); and Federal Power Commission v. Pacific Power and Light Company, 307 U.S. 156, 59 S.Ct. 766, 83 L.Ed. 1180 (1939) for analysis of review of administrative agency actions by appellate courts and analogy between such agencies and

lower federal courts regarding judicial finality.