35 C.C.P.A.(Patents)

### RAY v. KRONMILLER.
### Patent Appeals No. 5457.

Court of Customs and Patent Appeals.
April 6, 1948.

John Flam, of Los Angeles, Cal. (I. Richard Paris, of Washington, D. C., of counsel), for appellant.

George H. Fisher, of Minneapolis, Minn. (Frederick E. Lange, of Minneapolis, Minn., of counsel), for appellee.

Before GARRETT, Presiding Judge, and HATFIELD, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in an interference proceeding from the decision of the Board of Interference Examiners of the United States Patent Office awarding priority of invention of the counts in issue to appellee Carl G. Kronmiller. The interference is between appellant's patent No. 2,381,926, granted August 14, 1945, on an application filed May 20, 1941, and appellee's application No. 87,706, filed June 27, 1936.

For reasons which will hereinafter appear, it is unnecessary to reproduce any of the counts of the interference, or to consider the nature of the subject matter which they involve.

The record discloses that the preliminary statement filed in the interference by appellant failed to allege any date as early as the filing date of the application of appellee, and that an order to show cause was, therefore, issued, notifying appellant that judgment on the record would be entered against him unless sufficient cause was shown why such action should not be taken. In response to the notice, appellant filed a motion to dissolve, asserting that there had been "such informality or irregularity in declaring the interference as will preclude the proper determination of the question of priority of invention." In support of appellant's motion, it was alleged that all the counts of the interference were so inaccurate or indefinite that they were not readable on the disclosure of either appellant's patent or appellee's application.

The Board of Interference Examiners stated that appellant's motion to dissolve was "an attack upon the patentability of the counts as well as a denial of the moving party's right to his patent" and held that the motion did not constitute a sufficient response to the order to show cause. Priority was, accordingly, awarded to appellee. A petition by counsel for appellant for reconsideration by the Board of Interference Examiners was denied and counsel for appellant then petitioned the commissioner to exercise his supervisory authority and dissolve the interference. The petition was denied and appellant appealed to this court.

A motion to dismiss the appeal was filed by appellee on May 19, 1947, which motion was denied by the court on May 29, 1947, appellee being given the right to renew the motion at the time of the hearing of the case on its merits. The motion has been renewed and is now before the court for consideration.

It is to be noted that appellant did not contend, during the interference proceedings in the Patent Office, and does not now contend that he is entitled to an award of priority. It is his position that priority was improperly awarded to appellee, not because appellant is the prior inventor, but because the interference counts are not patentable to appellee. The issue raised by the appeal, therefore, is not one as to which party is the prior inventor, but as to whether the counts define an invention which is patentable to either party.

It is well settled that the question of patentability cannot be considered on appeal from a decision awarding priority of invention. See Erben v. Yardley, 50 App. D.C. 43, 267 F. 345, 1920 C.D. 220; Stern v. Schroeder 36 F.2d 518, 17 C.C.P.A., Patents, 690, Broadmeyer v. Lindbladh, 47 F.2d 381, 18 C.C.P.A., Patents, 1004; Derby et al. v. Whitworth, 62 F.2d 368, 20 C.C.P.A., Patents, 791, and Hendrickson and Nelson v. Ronning and Ronning, 76 F.2d 137, 22 C.C.P.A. Patents, 1040.

A contention that one party can make the counts while the other cannot may properly be considered on such an appeal, since a party who is entitled to make the

counts should be awarded priority, if his opponent is not so entitled; but where the contention is that neither party can make the counts no issue of priority is raised.

The situation here presented is similar to that in the case of Schuster v. Brown, 69 F.2d 373, 374, 21 C.C.P.A., Patents, 932. In that case appellant's contention as to counts 1 and 3 was not that he should have been awarded priority, but that priority should not have been awarded to appellee for several reasons, one of which was that the counts were "invalid because inoperatively vague and incomplete." It was held that the question thus raised could not be considered by the court in an appeal from an award of priority in an interference proceeding, and it was further stated that a contention "that the counts are so broad that neither party can make them" could not properly be considered.

Although counsel for appellant here contends at some length that appellee is not entitled to make the counts, he also concedes that appellant is not entitled to make them, although they are claims in appellant's patent. His real contention, therefore, is simply that the counts are not patentable to either party.

We are of opinion that the appeal raises no issue of priority of invention and that the issue presented cannot be considered by this court.

For the reasons stated, the appeal is dismissed.

Dismissed.

By reason of illness, O'CONNELL, Associate Judge, was not present at the argument of this case and did not participate in the decision.