**Walter H. WIRKLER, Appellant,**

v.

**Corles M. PERKINS and Alfred Bennett, Appellees.**

**Patent Appeal No. 6270.**

United States Court of Customs and Patent Appeals.

June 17, 1957.

Marvin Moody, Cedar Rapids, Iowa (Robert B. Harmon, Washington, D. C., of counsel), for appellant.

C. J. Kalman and S. H. Hartz, Teterboro, N. J. (Emory C. Naylor, Washington, D. C., of counsel), for appellees.

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY, RICH and JACKSON, retired, Judges.

RICH, Judge.

This is an appeal from a decision of the Board of Patent Interferences awarding priority of invention of the subject matter of the count to the senior party, Perkins and Bennett. The application of the junior party, Walter H. Wirkler, was filed on August 17, 1949. The Perkins et al. application was filed September 19, 1947. The Wirkler application has matured into patent No.

2,548,278 from which the count was copied by the senior party.

The count is as follows:

"A system for controlling the flight of an aircraft so as to approach and coincide with a beam comprising a receiver for the reception of radiant energy transmitted from a stationary beam-defining transmitter, a reference signal computer which receives the output of said receiver, aircraft control means, a plurality of gyroscopic orientation devices carried on said aircraft, a plurality of signals from said gyroscopic orientation devices furnished to said reference signal computer, a steering signal computer furnished the output of the reference signal computer, and the output of said steering signal computer fed to said aircraft control means."

Wirkler failed to allege a date in his preliminary statement earlier than the filing date of the senior party and was placed under order to show cause why priority should not be awarded to the senior party, Perkins et al. Within the period of the order, Wirkler moved to dissolve the interference on the ground that the count would not read on the application of the senior party, and, acting under rule 237, 35 U.S.C.A.Appendix, the Primary Examiner advised the Patent Interference Examiner that in his opinion the count was unpatentable over Streeter patent No. 2,472,129. Wirkler's motion was denied and the interference was dissolved by the examiner under rule 237.

In *ex parte* prosecution, claim 54 of the Perkins et al. application (which corresponds to the count in issue) was finally rejected on the Streeter patent. Appeal was taken to the Board of Appeals *ex parte*, and the claim was held to be patentable over the Streeter reference and the interference was redeclared.

In the redeclared interference, the Patent Interference Examiner gave notice that judgment on the record would be entered against Wirkler unless he showed cause why such action should not be taken. At final hearing, the denial of Wirkler's motion to dissolve was affirmed by the Board of Patent Interferences and priority was awarded to Perkins et al. The appeal to this court raises the issue of whether Perkins et al. have the right to make the count.

The subject matter of the count is a system for controlling the approach of an airplane to a landing beam and to thereafter coincide with said beam. Both Perkins et al. and Wirkler disclose essentially the following system (to paraphrase appellee's brief):

"(a) A receiver for receiving a beam of radiant energy from a stationary beam-defining transmitter located on the landing strip.

"(b) A device termed a 'reference signal computer' which receives the output of said stationary receiver and other signals.

"(c) Aircraft control means of the type called 'servomotors' which are positioned so as to operate the rudder, aileron, and what is termed 'steering signals to Autopilot Control Circuits,' in the Wirkler device.

"(d) A plurality of gyroscopic orientation devices carried on the aircraft including a rate of turn gyro, a horizontal, and a vertical position gyro which stabilizes a compass in the Perkins et al. arrangement; or what is referred to in the Wirkler device as 'signals from gyroscopes, accelerometer, airspeed meters, etc.,'

"(e) A plurality of signals from the various gyroscopic orientation devices are fed to the 'reference signal computer.'

"(f) A steering signal computer furnished the output of the 'reference signal computer,' which latter 'computer' is termed a 'multichannel amplifier' in the Perkins et al. application, the term 'reference signal computer' being the language of the Wirkler patent.

"(g) The output of the steering signal computer is fed to the aircraft control means."

The contentions of the junior party here have been succinctly summed up by the senior party as follows:

"(a) That the count is ambiguous in the term 'reference signal computer' and that term should be interpreted in the light of the Wirkler disclosure and the structure shown therein.

"(b) That the count, if not restricted to the Wirkler disclosure is invalid (by reason of references first introduced before the Board of Patent Interferences).

"(c) That the count of the interference does not read on the Perkins et al. application because Perkins et al. stresses orientation control more than the invention defined by the count.

"(d) That the count of the interference does not read on Perkins et al., but should have been claimed in the Noxon et al. patent No. 2,592,-173, which patent is referred to in the Perkins et al. application."

We will first dispose of contention (b). It is well settled that issues of patentability will not be considered by this court in an interference since patentability is not a question ancillary to priority. This is such a well known rule as to require no citation of authority.

As to contention (d), the board was quite correct in its analysis and disposal of this point when it stated:

"It appears to be Wirkler's contention that the *invention* as expressed by the count could in no event be that of Perkins *et al.*, but, if disclosed by them it was the invention of Noxon *et al.*, as the *invention* of Perkins et al. is the orientation system which in no way meets the terms of the count. This contention, in effect, raises the question of third party inventorship which, it is well

established, is not ancillary to priority but is merely a matter of patentability which may be considered by the Primary Examiner *ex parte*. It is immaterial that Perkins *et al.* did not start claiming the subject matter in issue until after the issuance of the Wirkler patent so long as they asserted a claim corresponding to the count within a year of the issuance of the patent, which they did, if the disclosure in fact supports the count. *In other words the test is disclosure and not what had been claimed.* (Last emphasis ours.) Doherty v. Dobbs 20 U.S.P.Q. 145, CCPA; Bloom v. Locke 21 U.S.P.Q. 7, CCPA; Malm v. Schneider 40 U.S.P.Q. 364, 26 CCPA 783 [101 F.2d 201]."

In disposing of contention (c) we reiterate the statement we have emphasized above, "the test is disclosure and not what had been claimed." The fact that Perkins et al. *placed more emphasis* on the alleged novel "orientation" feature of their application is no reason, in and of itself, why they may not claim other novel features of their disclosure at a later date as long as those features have proper support in their disclosure and are timely claimed.

There remains only contention (a) to be considered. Wirkler's "reference signal computer" is a device which algebraically adds the components of three signals so that their resultant will be zero when the course of the plane is on the desired approach. Appellant urges that the disclosure on which Perkins et al. rely to support the "reference signal computer" element of the count shows simply an amplifier which has no "computer" functions. For the following reasons, we disagree. The objective of the Wirkler "reference signal computer," realistically, is to utilize three input signals which are representative of (a) displacement of the plane from the desired course, (b) velocity of the plane towards the desired course, and (c) the acceleration of the plane towards the

course. In addition, he has found that for control purposes the signals are more accurate if they are low frequency components of the above three signals, derived from the radio beam receiver, and the high frequencies derived from instruments such as gyros (which is not a limitation of the count). It is the function of the "reference signal computer" to derive each of the desired components of the concerned signals and to pass the thus derived signals on to the steering signal computer which controls the flight of the aircraft.

■ We see nothing ambiguous in the term "reference signal computer" nor, it would appear from the record, did any one in the Patent Office who has dealt with the involved applications. Indeed, it would seem that the only person who is confused is the party Wirkler. The law is well settled that once an applicant has selected language which is somewhat broad in its scope, he runs the risk that others with specifically different structures may be able to meet the language selected, and he will not be allowed to urge later that the language which he has selected should only be read in the light of his disclosure merely because it originated with him. Kuppenbender v. Riszdorfer, 104 F.2d 791, 26 C.C.P.A., Patents, 1436, 1441.

■ We have no doubt that Perkins et al. has essentially a system which consists of signals, representative of deviation from course, velocity, and acceleration towards a course which are sent to a device which acts upon the signals so received and produces a signal which is representative of the departure of the craft from the desired course. We believe that the device which produces such a signal is clearly a type of "reference signal computer," and thus fulfills that term in the count. The signal thus derived from the "reference signal computer" is sent to the steering signal computer which in turn sends signals to various aircraft flight controls which correct the aircraft flight.

We find no error in the decision of the Board of Patent Interferences and therefore *affirm* its decision for the reasons contained herein.

Affirmed.

JACKSON, Judge, retired, recalled to participate herein in place of COLE, Judge, absent because of illness.