54 CCPA

**Richard C. LOSHBOUGH, Appellant,**

v.

**Kenneth C. ALLEN, Appellee.**

**Patent Appeal Nos. 7898, 8068.**

United States Court of Customs
and Patent Appeals.

March 9, 1967.

———————◆———————

Carl F. Schaffer, Vincent L. Barker, Jr., Toledo, Ohio, for appellant.

Lawrence B. Biebel, Nathaniel R. French, Dayton, Ohio, for appellee.

Before RICH, SMITH, and ALMOND, Judges.

PER CURIAM.

We are here faced with a continuation of a complex legal dispute not involving the merits of appeal No. 7898 which we had hoped would have been greatly simplified by our per curiam decision of May 12, 1966, Loshbough v. Allen, 359 F.2d 910, 53 CCPA 1214. Unfortunately, simplification has not resulted. Instead, a determination of the merits of this appeal appears to be no closer than at the time of the board's first decision some sixteen months previous. During this period this dispute between the parties has expended the time and effort of this court once, the Board of Interferences twice, and the Assistant Commissioner of Patents twice. Resolution of this dispute is nowhere in sight and it now appears of such proportion as to foreclose a determination of the merits. For the reasons that follow, we think it is time to cut the Gordian knot.

Appellant presents us at this time with a motion to summarily reverse the decision of the board and remand this case to the board for further proceedings. This motion in the continuing legal dispute stems from the fact that junior party appellee requested the board after its original decision "to 'cancel' from the interference the 5 counts on which priority was awarded to him and to substitute a new count." Loshbough v. Allen, supra.

Subsequent actions by the board and the Assistant Commissioner concerning this motion are explained in detail in our previous decision in which we remanded this appeal to the board "to take whatever further action it may deem advisable."

The events which have transpired since our remand may be briefly summarized. The board on August 8, 1966 denied appellee's motion to amend the interference,[1] that is, it refused to consider the merits of the motion. Appellee then filed a "Petition to the Commissioner or for Reconsideration by the Board of Interference Examiners," in which he requested "action on Allen's Motion to Amend by the Commissioner or by the Primary Examiner." Allen's request was thereafter joined in by appellant. The Assistant Commissioner denied the petition,[2] that is, no consideration was given to the merits of Allen's motion. Appellant then filed a second appeal to this court assigning as error the board's refusal to direct the attention of the Commissioner to Swedish Patent No. 173,332, which patent may amount to a bar to the grant of

1. A summary of the board's reasoning is as follows: (1) it has no authority to reform or redeclare an existing interference, (2) its jurisdiction is limited to a determination of the question of priority of invention and questions ancillary thereto, citing 35 U.S.C. § 135, Glass v. De Roo, 239 F.2d 402, 44 CCPA 723, (3) it has no authority to review a motion to amend which has been denied, citing Josserand v. Taylor, 138 F.2d 58, 31 CCPA 709, and (4) it had exercised the sole jurisdiction and discharged fully the duty placed on it by 35 U.S.C. § 135.

2. The reasoning advanced in the decision is as follows: (1) the purpose of the remand had been accomplished and no further action by the Patent Office appeared to be in order, (2) consideration of the merits of the motion was barred for the reasons set forth in the former decision of the Assistant Commissioner, and (3) our remand did not indicate that the motion should be considered on its merits.

a patent to either of the parties for the claims in interference.

In support of his motion here, appellant repeats arguments advanced earlier in his motion to remand and points out:

\* \* \* Since the remand the Patent Office has again refused to act upon the winning junior party's statement that the counts on appeal are unpatentable, therefore the case still cannot be disposed of by this court at this time; if the counts are in fact unpatentable the board's decision should not stand; and whether unpatentability exists and whether another count should be substituted are still questions for the Patent Office to decide prior to review here. Thus, in its present posture, this court would still be required to decide an involved and complex question of priority which may have become moot. \* \* \*

The time of this court to study a 1600 page transcript accompanied by hundreds of highly technical exhibits, to consider briefs and arguments and to prepare an opinion, must be balanced against the time it will take the primary examiner to consider the simple issue of the patentability of all of the present counts and the propriety of Allen's proposed new count.

Appellant summarizes the reasoning underlying the position of the Patent Office as follows:

The persistent refusal of the Patent Office to consider Allen's motion has been based on a narrow and rigid interpretation of its own rules. The motion has been denied (a) because the motion was filed after the decision of the board on priority, (b) because it failed to state how or when Allen discovered the Swedish patent,\* (c) because the motion was not directed for action by the Commissioner or the primary examiner under his delegated authority, (d) because the board lacked authority to consider the question of patentability under the rules of practice, (e) because the Patent Office, once having been put to the burden of time and expense of deciding an issue should not be required to assume the burden of considering changes in the issue and (f) because the interference might be prolonged.

All of the above reasons ignore the substantive injustice done to the parties.

In connection with Allen's motion, had the Patent Office interpreted its Rules in the spirit in which they are intended and had the Commissioner exercised the broad authority given him by Rules 182 and 183,\*\* it would not have been improper to suspend the interference and to refer the matter to the primary examiner for his determination of the question of patentability in accordance with Rule 237. Neither would it have been improper for the board under the provisions of Rule 259 to direct the attention of the Commissioner to the question of patentability which had been brought to their attention. In such event, the Commissioner could have suspended the interference and remanded the case to the primary examiner.

Concerning the alleged prejudice to appellant's rights should this appeal pro-

---

\* Allen's motion stated that "the party Allen and his attorneys were not advised of the disclosure of the Swedish patent until after the testimony of both parties had been completed." The party Loshbough was not aware of the patent prior to the filing of Allen's motion.

\*\* *Rule 182. Questions not specifically provided for.* All cases not specifically provided for in these rules will be decided in accordance with the merits of each case by or under the authority of the Commissioner, and such decision will be communicated to the interested parties in writing.

*Rule 183. Suspension of rules.* In an extraordinary situation, when justice requires, any requirement of these rules which is not a requirement of the statutes may be suspended or waived by the Commissioner in person on petition of the interested party, subject to such other requirements as may be imposed.

ceed without a consideration of the merits of the Allen motion, appellant argues:

> As to appellee's proposed new count, appellant has never had an opportunity to be heard with respect to the same, no testimony has been taken specifically directed to it and the question of priority of invention with respect to the subject matter thereof has never been determined. However, if this appeal is continued and priority determined on the present record, the losing party (either Loshbough or Allen) will thereafter be precluded under Patent Office Rules from contesting in the Patent Office the issue of priority or patentability with respect to the proposed substitute count. The claim could be added to the application of the winning party on resumed *ex parte* prosecution. The losing party will not have had his day in court with respect thereto or with respect to the invention defined thereby. If Allen were found to be the prior inventor with respect to the present counts (which he concedes are unpatentable), it does not follow that he would be entitled to such an award with respect to the different invention defined by his proposed new count. This can be determined only through *inter partes* consideration of the matter.

Appellee, in answering appellant's motion, agrees to a second remand but not to a reversal of the board's decision, arguing:

> * * * the essence of Loshbough's position is that because Allen has questioned the patentability of the counts awarded to him and the Patent Office has refused to rule thereon, the awards of priority as to any of the should be summarily reversed, with no consideration of the evidence on which it was based. The "reversal" of an award of priority would seemingly require the premise that the award had been in error. If, however, the summary reversal requested by Loshbough

would mean in effect that as senior party, he would then be restored to the status of prima facie first inventor, it would manifestly deprive Allen of substantive rights without a semblance of a hearing.

There is no possible holding on the merits of Allen's motion which would justify summary reversal of Allen's award of priority as to any of the present five counts. Consideration of the motion by an appropriate tribunal could result in any of a variety of holdings, but none would justify the inference that as between Allen and Loshbough, Allen was not the first inventor. Thus, the holding might be:

> (1) Granting of the motion in toto.

> (2) Denial of the motion, on the ground that all of the present counts are patentable.

> (3) Partial denial of the motion, to the extent of retaining some of the present counts as patentable.

> (4) Partial granting of the motion, to the extent of substituting Allen's proposed count for some of the present counts.

> (5) Dissolution of the interference, on the ground that there is no common patentable subject matter.

In none of these contingencies would reversal of the existing award of priority to Allen be appropriate. * * *

■ There is much of merit in the position of the Patent Office and we therefore do not approve of all of appellant's argument concerning the Patent Office position. The fact remains, however, that this appeal brings before us an issue involving the review of a determination of priority of invention where the *winning* party has moved to cancel the counts. We do not believe it proper to knowingly proceed to determine who was the first inventor of an apparently unpatentable invention.[3]

It is true that a host of considerations can be advanced in support of our ignor-

3. As stated in In re Baird, 348 F.2d 974, 52 CCPA 1747, "we will not knowingly deal with imaginary issues."

ing the factual background in this case and proceeding to a review of the award of priority as to the 5 appealed counts. However, we do not believe that these considerations either independently or collectively are justification for the illogical result they support, i. e. that the judicial process of review extends to awards of priority of inventorship for unpatentable inventions.

■ As we stated in Vandenberg v. Reynolds, 242 F.2d 761, 44 CCPA 873:

In the interest of orderly procedure and the conservation of judicial man hours, both here and in the Patent Office, it seems to us that any issue which may be determinative of the continuance or outcome of an interference should be decided by the tribunal having jurisdiction thereof when it is first properly raised and not postponed until after the consideration of the usually complex factual issues involved in the merits of priority disputes.

\* \* \*

The board has continuously stated it believes that it is without "jurisdiction" to consider the motion. In support thereof it referred to the motion period provided in Rules 231 and 243. The board did not expressly comment on Rule 259 which provides:

*259. Recommendation by Board of Patent Interferences.* The Board of Patent Interferences may, either before or concurrently with their decision on the question of priority, but independently of such decision, direct the attention of the Commissioner to any matter not relating to priority which may have come to their notice, and which in their opinion establishes the fact that no interference exists, or that there has been irregularity in declaring the same, or which amounts to a bar to the grant of a patent to either of the parties for the claim or claims in interference. The Commissioner may suspend the interference and remand the case to the primary examiner for his consideration of the matters to which atten-

tion has been directed if such matters have not been considered before by the examiner, or take other appropriate action. If the case is not so remanded, the primary examiner will, after judgment on priority, consider such matters, unless the same shall have been previously disposed of by the Commissioner.

■ The board's decision would have become final in due course if no appeal had been filed. Prior to the board's decision becoming final, appellee attempted to direct the attention of the board to a patent which may amount "to a bar to the grant of a patent to either of the parties for the claim or claims in interference." We think the above rule expressly provides that the board's power and authority are not as circumscribed as the board stated in its opinion. The Commissioner has provided the board with discretion to act independently of its decision as to matters not relating to priority.

■ As we view Rule 259, a procedure has been provided wherein interferences need not necessarily be continued where it appears that the claimed subject matter in dispute is not patentable. The spirit underlying this procedure in relation to the conservation of judicial man hours both here and in the Patent Office must be approved. We think that the board should avail itself of the opportunity to initiate this procedure. We think it is far better that the necessity of continuing the interference be first examined before examining the merits of this appeal as this may obviously eliminate any need for an appeal in this court. Whatever the effect of the Swedish patent, we do not think the case is ripe for review in view of the fact that our examination of over 1600 pages of transcript and hundreds of technical exhibits may well be but an abstract mental exercise. Accordingly, the board should determine whether, "in their opinion," the Swedish patent "establishes the fact" that it "amounts to a bar to the grant of a patent to either of the parties," Rule 259.

■ We are mindful of the fact that Rule 259 provides for discretion as to both the Commissioner and board's actions thereunder. This discretion, of course, must be exercised, Eckey v. Watson, 106 U.S.App.D.C. 16, 268 F.2d 891, (1959), and the orderly procedure vitally necessary both here and in the Patent Office should not be ignored. We may "require such further proceedings to be had as may be just under the circumstances," 28 U.S.C. § 2106, to the end that our work is "disposed of in a judicial manner," In re Fischer, 53 CCPA 1211, 360 F.2d 230, 231, 232, 149 USPQ 631.

■ The Assistant Commissioner noted the fact that our previous remand did not contain express directions to consider the *merits* of the Allen motion.[4] While it may be true that remands from appellate courts to administrative agencies many times do not provide adequate instructions, see Goldfarb, Administrative Agency Action After Remand, 18 W.Res.L.Rev. 565 (1967), our previous remand was designed to permit the Patent Office to solve the problem in its own way. Since the problem was ignored instead of being resolved under Rules 181–183 and 259, we again remand this matter to the Patent Office for determination. The remand should be considered with the object of solving the problem of not rendering the remand ineffectual. See Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co., 386 U.S. 129, 87 S.Ct. 932, 17 L.Ed.2d 814 (1967).

Appellant's motion to reverse and remand the decision of the board is denied. However, since further proceedings under rule 259 appear necessary to a disposal of the present controversy in a judicial manner, the cases are remanded to the board with the express direction that it take all necessary and appropriate action consistent with this opinion.

Remanded.

WORLEY, Chief Judge, did not participate.

---

4. Our opinion directed the board "*to consider the motion* pending before it * * * and to take whatever further action it may deem advisable." (Emphasis added.)