Roy E. FERREE, Appellant,

v.

Harry D. SHEPHARD, Jr. and Pearl Thelma Griffiths, Administratrix of the Estate of Norman J. Griffiths, Appellees.

Patent Appeal No. 8217.

United States Court of Customs and Patent Appeals.

Nov. 2, 1967.

Rehearing Denied Dec. 14, 1967.

William J. Ruano, Pittsburgh, Pa., for appellant.

William A. Smith, Jr., Washington, D. C., and C. Frederick Leydig, Jr., John L. Parker, Gerald Rose and Wolfe, Hubbard, Voit & Osann, Chicago, Ill., for appellees.

Before WORLEY, Chief Judge, and RICH, SMITH and ALMOND, Judges.

PER CURIAM.

Appellees' motion to dismiss this appeal turns on the single issue of whether appellant's reasons of appeal are sufficient under 35 U.S.C. § 142 to raise an appealable issue within the limited statutory jurisdiction of this court. More specifically, the issue is whether appellant's reasons of appeal raise any issue other than the patentability of the counts. The issue arises in a contested interference action.[1]

■■ The jurisdiction of the Board of Patent Interferences in this proceeding was limited to a determination of the question of priority of invention, 35 U.S.C. § 135, and our jurisdiction is limited to a review of the decision of the Board of Patent Interferences on that issue, 35 U.S.C. § 141. Thus, the issue of patentability of the counts is not and cannot be before us. Glass v. De Roo, 239 F.2d 402, 44 CCPA 723 (1956).

In Glass v. De Roo, supra, the Board of Patent Interferences had awarded priority of invention to appellees. Appellees moved to dismiss the appeal on the ground that appellant's reasons of appeal failed to raise any question on which this court had jurisdiction to pass. At 239 F.2d 403, 44 CCPA 724, we stated:

> Appellant bases his appeal on twelve reasons of appeal which it is unnecessary for us to set forth. Appellees, in moving to dismiss, have analyzed

1. Interference No. 92,445.

these reasons, pointing out that they all relate, directly or indirectly, to the question of patentability and to no other question. Appellant does not deny this and his lengthy brief opposing the motion is merely an extended argument as to why this court should, for various reasons, undertake to review the question of patentability. The contention, in appellant's own words, is:

> * * * that this court is qualified to hear and determine the instant appeal and to render a decision indicating the presence or absence of invention in the structure defined by the count of the interference.

However qualified we may be, we are, unfortunately for the appellant, without jurisdiction to do so on an appeal in an interference case.

In there granting appellees' motion to dismiss the appeal, we added:

> Our jurisdiction in a patent interference is limited to a review of the decision of the Board of Patent Interferences, 35 U.S.C. 141. The jurisdiction of that board is limited to a determination of the question of priority of invention, 35 U.S.C. 135. As to both the board and this court, certain questions which are "ancillary" to priority may also be considered. Patentability is not one of those questions. Hess v. Dreyfuss, 104 F.2d 801, 26 C.C.P.A. Patents, 1407, 1410; Kleinman v. Steinbach, 187 F.2d 743, 38 C.C.P.A. (Patents) 924, 932. See also Patent Office Rule 258, 35 U.S. C.A. Appendix. In reviewing a decision of the Board of Patent Interferences, we are obviously without jurisdiction to consider an issue which the board is not authorized to decide. Appellant availed himself of the procedures under the Patent Office Rules for attacking the patentability of the count without success. The statutes do not provide for any review by this court of rulings in the Patent Office that a claim is patentable. We con-

sider patentability only in *ex parte* appeals from decisions holding claims unpatentable.

■ Other decisions of this court have reiterated this view to such an extent it is now clearly established that our jurisdiction is limited to a review of the question of priority and matters ancillary to that issue. Cf. Bac v. Loomis, 252 F.2d 571, 45 CCPA 807 (1958); Den Beste v. Martin, 252 F.2d 302, 45 CCPA 798 (1958); Wirkler v. Perkins, 245 F.2d 502, 44 CCPA 1005 (1957); Ray v. Kronmiller, 167 F.2d 518, 35 CCPA 1085 (1948).

The appellant, Ferree, filed twenty-one reasons of appeal. Of these, twenty clearly raise no issue except as to the patentability of the counts or the exercise of discretion of the board under Rule 259. The remaining reason of appeal is couched in language which on its face is broad enough to raise directly the issue of priority of invention. It reads:

> * * * the Board of Patent Interferences erred as follows:
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> 14. In awarding priority of the counts in interference to Shephard et al.
>
> &ast; &ast; &ast; &ast; &ast; &ast;

■ There is some question, however, as to what Ferree may have intended by the foregoing statement. Thus, Shephard contends that this is a "notice," not a "reason." We think, however, that the distinction between a "notice of appeal" and a "reason of appeal," as used in 35 U.S.C. §§ 141–144, is quite clear. The former requirement is in the nature of an advisory communication to the Commissioner, setting forth the course of action that an appellant intends to take and further serves to bring the appeal within the jurisdiction of this court if all of the statutory requirements are met. The latter requirement, however, under 35 U.S.C. § 142, determines the content of the material that the Commissioner must furnish the court in ex

parte cases, 35 U.S.C. § 143,[2] and further determines the points to which the decision of this court shall be confined, 35 U.S.C. § 144.

35 U.S.C. § 141 enables a "party to an interference" who is *"dissatisfied with the decision* of the board of patent interferences *on the question of priority"* to appeal to this court. [Emphasis added.]

■ While a single adequate reason of appeal would be sufficient to bring this appeal within our jurisdiction, it becomes necessary to consider Shephard's remaining arguments in light of Ferree's reply, which largely fails to controvert them. In fact, irrespective of whether Ferree's reason of appeal No. 14 is adequate under 35 U.S.C. § 142 to raise an issue relating to the question of priority, Ferree's response to those arguments raises a question as to whether the purported reason of appeal is truly intended to raise an issue concerning the board's *decision* on *priority.*

■ A basic consideration under 35 U.S.C. § 141 is that an appellant must be "dissatisfied" with the appealed decision. Ferree, in opposing Shephard's motion to dismiss the appeal states:

> The purpose of this Appeal is not to seek a review of the merits of the Board's decision on priority, at this time, as suggested by Appellee, since this question is not "ripe". Instead, it is to seek a remand of this case to the Patent Office for further proceedings on the question of patentability, which proceedings have been denied to appellant, Ferree, by the Patent Office. This Court made such remand, very recently, in a very similar case of Loshbough v. Allen 152 USPQ 812 decided March 9, 1967.

■ This statement makes it quite clear that Ferree is not "dissatisfied" with the board's decision on the issue of priority. He, instead, seeks a remand to secure further action in the Patent Office on the issue of patentability. Appellant's reliance on Loshbough v. Allen, 373 F.2d 747, 54 CCPA 1113 (1967), in support of this position, is misplaced. This case and *Loshbough* are clearly distinguishable on their facts. The issue in *Loshbough* involved a review of the determination of priority of invention where the winning junior party Allen had moved to "cancel" the counts, on which priority was awarded, and to substitute a new count based on Allen's expressed belief that the counts were not patentable to either party, over a certain reference.[3] Moreover, the appellant Loshbough later *joined* in Allen's request, on the belief that the reference "may amount to a bar to the grant of a patent to either of the parties * * * ." *Id.* 373 F.2d at 748, 54 CCPA at 1114. Allen's motion had stated that "the party Allen and his attorneys were not advised of the disclosure of the Swedish patent until after the testimony of both parties had been completed." The party Loshbough was not aware of the patent prior to the filing of Allen's motion. Thus, in *Loshbough,* the matter of the patentability of the counts in interference over the particular reference apparently had not been considered. The lengthy record here indicates that the substance of Ferree's arguments relating to the patentability of the counts and the exercise of the discretion of the board had previously been raised and decided adversely to Ferree's position.

■ Ferree's reply to Shephard's motion to dismiss concentrates on the issue of patentability. As in Glass v. De Roo, supra, Ferree's argument raises an issue directed at the merits of the procedure before the Patent Office on the issue of patentability. In addition to Ferree's

---

**2.** " * * * in an ex parte case the Commissioner shall furnish the court with the grounds of the decision of the Patent Office, in writing, touching all the points involved by the reasons of appeal."

**3.** See the earlier proceedings in Loshbough v. Allen, 359 F.2d 910, 53 CCPA 1214 (1966).

admission that the purpose of this appeal is not to seek a review of the merits of the board's *decision at this time*, appellant further states that " * * * the issue in this case is simply and squarely as to whether the Board *should* exercise its discretion under Rule 259 to make recommendations on the question of patentability * * * ." He adds: "What this case boils down to is simply that there was considerable oral testimony taken, *but never even considered*, on the question of patentability."

Thus, as indicated by Ferree's argument, and, particularly by the quoted portions, supra, it seems quite clear to us that Ferree is no longer "dissatisfied" with the decision of the Board of Patent Interferences "on the question of priority" within the meaning of 35 U.S.C. § 141. Appellant has extensively utilized the procedures available in the Patent Office for the repeated consideration of the patentability of the counts of the interference. Thus, under the statutes, nothing is left for us to here review. Glass v. De Roo, supra, Den Beste v. Martin, supra; and Bac v. Loomis, supra.

Appellees' motion to dismiss is granted and the appeal is dismissed.

Dismissed.