CONVERSION CHEMICAL COR-
PORATION
v.
Robert GOTTSCHALK, Acting Commissioner of Patents.
Civ. No. 14762.

United States District Court,
D. Connecticut.
Feb. 17, 1972.

Peter L. Costas, Ira S. Dorman, Hartford, Conn., for plaintiff.

Randolph C. Roeder, Asst. U. S. Atty., Hartford, Conn., for defendant.

## RULING ON MOTION TO DISMISS

BLUMENFELD, Chief Judge.

The Acting Commissioner of Patents has moved to dismiss the complaint for failure of the plaintiff to exhaust administrative remedies and to join an indispensable party. The complaint seeks preliminarily to enjoin the defendant from allowing the Board of Patent Interferences from entering a final judgment in an interference in which the plaintiff is a party and from issuing a patent on the basis of claims adjudicated in that interference; the plaintiff also seeks to have the court exercise its power of mandamus to correct certain alleged mistakes made by the Examiner of Interferences with respect to the interference here involved.

### I.

The plaintiff complains that the examiner improperly granted a motion to recognize, for purposes of determining priority, the foreign filing date of an adverse party in the interference (Korpiun et al). The defendant has stated that through oversight the motion was ignored when originally submitted by Korpiun, and the time period lapsed within which the motion could be submitted. The examiner allowed Korpiun to move again for recognition of the foreign filing date, and this motion was granted despite its untimeliness. The defendant concedes that the proper procedure would have been for the examiner to have acknowledged his original mistake and to have granted the original motion. The plaintiff also complains that the subject matter of the interference was unpatentable and hence that the interference was improperly convened. Thus, two distinct grounds are presented by the plaintiff as a basis for mandamus.

Patent interferences are ordered by the Commissioner pursuant to 35 U.S.C.

§ 135,[1] to determine the priority of invention among several patent applications. Priority here was awarded to Korpiun et al; but the decision of the Board of Patent Interferences in this case is not yet final, since a request for reconsideration which the plaintiff filed with the Board on November 12, 1971, is still pending.

■■■■■ Although the extraordinary writ of mandamus might under exceptional circumstances issue before an administrative decision is technically final, as for example where an administrator simply refuses to act, the instant case is clearly not such a situation. See, e.g.

Norte & Co. v. Defiance Indus., Inc., 319 F.2d 336 (2d Cir.1963); Tarlton v. Clark, 441 F.2d 384 (5th Cir.1971). Title 35 U.S.C. § 146[2] provides that decisions of the Board of Patent Interferences on the question of priority may be reviewed either by an appeal to the United States Court of Customs and Patent Appeals or by the civil action in the district court.[3] This case is not yet ripe for review through either of these avenues.

The plaintiff complains that the procedural discretion exercised by the examiner here with respect to the motion of Korpiun et al is not reviewable under

1. 35 U.S.C. § 135 provides:
"(a) Whenever an application is made for a patent which, in the opinion of the Commissioner, would interfere with any pending application, or with any unexpired patent, he shall give notice thereof to the applicants, or applicant and patentee, as the case may be. The question of priority of invention shall be determined by a board of patent interferences (consisting of three examiners of interferences) whose decision, if adverse to the claim of an applicant, shall constitute the final refusal by the Patent Office of the claims involved, and the Commissioner may issue a patent to the applicant who is adjudged the prior inventor. A final judgment adverse to a patentee from which no appeal or other review has been or can be taken or had shall constitute cancellation of the claims involved from the patent, and notice thereof shall be endorsed on copies of the patent thereafter distributed by the Patent Office."

2. 35 U.S.C. § 146 provides:
"Any party to an interference dissatisfied with the decision of the board of patent interferences on the question of priority, may have remedy by civil action, if commenced within such time after such decision, not less than sixty days, as the Commissioner appoints or as provided in section 141 of this title, unless he has appealed to the United States Court of Customs and Patent Appeals, and such appeal is pending or has been decided. In such suits the record in the Patent Office shall be admitted on motion of either party upon the terms and conditions as to costs, expenses, and the further cross-examination of the witnesses as the court imposes, without

prejudice to the right of the parties to take further testimony. The testimony and exhibits of the record in the Patent Office when admitted shall have the same effect as if originally taken and produced in the suit.
"Such suit may be instituted against the party in interest as shown by the records of the Patent Office at the time of the decision complained of, but any party in interest may become a party to the action. If there be adverse parties residing in a plurality of districts not embraced within the same state, or an adverse party residing in a foreign country, the United States District Court for the District of Columbia shall have jurisdiction and may issue summons against the adverse parties directed to the marshal of any district in which any adverse party resides. Summons against adverse parties residing in foreign countries may be served by publication or otherwise as the court directs. The Commissioner shall not be a necessary party but he shall be notified of the filing of the suit by the clerk of the court in which it is filed and shall have the right to intervene. Judgment of the court in favor of the right of an applicant to a patent shall authorize the Commissioner to issue such patent on the filing in the Patent Office of a certified copy of the judgment and on compliance with the requirements of law."

3. In this case, since the adverse party Korpiun et al. is a resident of a foreign country, venue is properly laid only in the United States District Court of the District of Columbia. 35 U.S.C. § 146, *supra.*

§ 146, citing Application of Wiechert, 370 F.2d 927, 54 CCPA 957 (1967). That case, however, held merely that the composition of the Board of Patent Interferences, a determination made by the Commissioner, was not reviewable as a decision on a question of priority by the Board of Patent Interferences.

 It is true that the Board of Patent Interferences on November 1, 1971, refused to review the action of the examiner in allowing the motion of Korpiun, stating that "Decisions of the Patent Interference Examiner concerning the transmissibility of motions are discretionary and reviewable only by petition to the Commissioner . . . ." This holding by the Board of Interferences, during the course of administrative proceedings, is not binding on the courts which have the power of review under § 146.

Even if the plaintiff should later be held correct in his supposition that the procedural discretion of the examiner with respect to the Korpiun motion is not reviewable under § 146, the examiner did not here fail to perform a clear statutory duty of a "ministerial" nature which would call for mandamus. Even though the examiner might have made a technical error in allowing a new, untimely motion instead of granting the original motion which had been mistakenly ignored, decisions ought to be on the merits, not on procedural niceties. The equitable considerations which govern the exercise of mandamus are not in favor of the plaintiff. See Whitehouse v. Illinois Cent. R.R., 349 U.S. 366, 75 S.Ct. 845, 99 L.Ed. 1155, modification denied, 350 U.S. 811, 76 S.Ct. 37, 100 L.Ed. 727 (1955). Whether or not the examiner's discretion is reviewable, mandamus does not lie.[4]

 Plaintiff's other complaint, that the subject matter of the interference was not patentable, is also no ground for mandamus. It is well settled that the patentability of the claims or "counts" designated by the Commissioner as the subject matter of an interference may not be attacked by a party to the interference proceeding in that proceeding itself. See, e.g., Wirkler v. Perkins, 245 F.2d 502, 504, 44 CCPA 1005, (1957). The plaintiff may raise the issue of unpatentability as a defense to a patent infringement suit under 35 U.S. C. § 282(2). Mandamus does not lie for that purpose.

The defendant's motion to dismiss the complaint is granted.

---

4. The defendant treated the complaint here as seeking anticipatory review, albeit in the guise of mandamus, and thus framed its motion to dismiss on the ground of failure to exhaust administrative remedies, a recognized basis for refusal to issue a writ of mandamus. See Tarlton v. Clark, *supra.*